# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| BRIAN WALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10 CV 72 DDN |
| ) | |
| MARION COUNTY LAW ) | |
| ENFORCEMENT CENTER, et al. ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Brian Walls, an inmate at Marion County Law Enforcement Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. Plaintiff has failed to provide the Court with a prison account statement, accordingly, the Court cannot proceed on plaintiff's motion at this time. As such, the Court will order plaintiff to file his prisoner account statement and file an amended complaint in this action in accordance with the instructions set forth below.

## **The Complaint**

When an inmate files a case as a pauper, the Court is required to conduct a pre-service review of the complaint and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).

The Court notes that if the complaint were subject to § 1915 review at this time, the case would likely be dismissed. The complaint, originally filed on behalf plaintiff and five other inmates,[1] contains only conclusory allegations of a denial of access to courts and denial of medical care.

A civil rights complaint must contain enough facts to state a claim as a matter of law and must not be merely conclusory. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Moreover, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts relating to his claims, nor has he indicated that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights.

---

[1] Plaintiffs filed their original complaint in Boyd v. Marion County, No. 2:10CV62 JCH. Because multiple prisoners may not join together in a single lawsuit under Fed.R.Civ.P. 20, the Court ordered the Clerk to sever all but the lead plaintiff from the original case and open new lawsuits for each of the other named plaintiffs.

Furthermore, in order to state a claim for access to courts, an inmate must assert that he has suffered an actual injury to pending or contemplated legal claims. Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). As stated currently, plaintiff has made no such allegation.

Lastly, the Court cautions plaintiff that his claim against the Marion County Law Enforcement Center would likely be legally frivolous if included in his amended complaint because the Jail is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

Because plaintiff is proceeding pro se and without the benefit of legal counsel, the Court will allow plaintiff to amend his complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff is required to submit a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

/S/  David D. Noce
UNITED STATES MAGISTRATE JUDGE

Signed on November 16, 2010.